FILED
NOV 0 4 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS PIEDRA-POMADER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Respondent. | Cr. No. 09-3104GT<br>Cv. No. 10-2019GT<br><br>**ORDER** |

On September 28, 2010, Petitioner, Jorge Luis Piedra-Pomader ("Mr. Piedra"), filed a Petiton for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2255. In his Petition, Mr. Piedra requests that his sentence be run concurrent with a sentence for violation of his supervised release in case # 03CR0143 . On October 10, 2010, the Government filed a Motion to Dismiss with Prejudice the Petition for Writ of Habeas Corpus. The Court has fully considered this matter, including a review of Mr. Piedra's Petition, the Government's Motion, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Piedra's Petition is **DENIED**.

//

First, Mr. Piedra pled guilty, pursuant to a written plea agreement, to one count of illegal entry by an alien, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea agreement, Mr. Piedra explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See*, United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Piedra expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Piedra is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Piedra had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Piedra argues that his sentence should be run concurrently with the sentence for violation of his supervised release in case # 03CR0143. However, it is within the sound discretion of the Court to run his sentence consecutive to any other sentence he may be serving. United States v. Jackson, 176 F.3d 1175, 1177 (9th Cir. 1999). Accordingly,

**IT IS ORDERED** that Mr. Piedra's Writ for Habeas Corpus is **DENIED with prejudice.**

**IT IS SO ORDERED.**

11-4-11
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter